**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **WESLEY A. SNYDER,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:07-cr-450** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

**MEMORANDUM ORDER**

Before the Court is Petitioner's Rule 59(e) motion for reconsideration of the Court's

January 25, 2013 order denying his motion to vacate. (Doc. No. 86.) The Government filed a

response to Petitioner's motion on April 1, 2013. (Doc. No. 90.) For the reasons that follow, the

Court will deny Petitioner's motion.

On November 28, 2007, Petitioner Wesley A. Snyder pleaded guilty to one count of mail

fraud affecting a financial institution, in violation of 18 U.S.C. § 1341, and was sentenced to a

146 month term of imprisonment, three years supervised release, restitution in the amount of

$29,267,080, and a $100 special assessment. (Doc. Nos. 13, 31.) On July 11, 2008, Petitioner

appealed his sentence, arguing that the Court did not adequately consider his age, poor health,

history of community service, and lack of malicious intent. (See Doc. No. 33.) The United

States Court of Appeals for the Third Circuit affirmed the Court's sentence on July 12, 2010.

(Doc. No. 42.)

On October 17, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28

U.S.C. § 2255, arguing that his counsel was ineffective and that he did not knowingly and

voluntarily enter a guilty plea. (Doc. No. 44.) On October 26, 2012, an evidentiary hearing was

held on Petitioner's motion, and on January 25, 2013, the Court denied Petitioner's Section 2255 motion. (Doc. No. 84.) In the Court's order denying Petitioner's Section 2255 motion, the Court found that Petitioner had failed to establish that his counsel was ineffective for failing to investigate potential defenses or for failing to explain the elements of the mail fraud offense with which he was charged. (Id. at 8, 10.) Moreover, considering the thorough colloquy at Petitioner's change of plea hearing, the Court rejected Petitioner's assertion that he did not knowingly and voluntarily enter a plea of guilty. (Id. at 9.) Thus, the Court denied Petitioner's Section 2255 motion. (Id. at 12.)

On February 27, 2013, Petitioner filed the instant motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asking the Court to reconsider its order denying his Section 2255 motion. (Doc. No. 86.) A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is warranted where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa.

1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996)

(quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va.

1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or

issues that were not presented to the court in the context of the matter previously decided.

<u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a

strong interest in the finality of judgments, motions for reconsideration should be granted

sparingly."  <u>Continental Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa.

1995).

In his motion, despite articulating the standard for reconsideration, Petitioner does not

provide support for a finding that there has been an intervening change in the controlling law,

that new evidence exists, or that there is a need to correct a clear error of law or fact or to

prevent manifest injustice.  Instead, Petitioner attempts to reassert the same arguments contained

in his Section 2255 motion: that his counsel was ineffective, that he did not voluntarily and

knowingly sign the plea agreement, and that the allegations against him are false.  (Doc. No. 86

at 3, 5-8.)  Moreover, Petitioner devotes several pages to challenging the Court's findings of fact,

asserting that the Government's representations are false, and asserting that Attorney

Geishauser's testimony at the evidentiary hearing is false.  (<u>Id.</u> at 9-14.)  The Court will not

entertain Petitioner's attempt to reargue these unsuccessful theories.  <u>See</u> <u>Drysdale</u>, 153 F. Supp.

2d at 682.  Although Petitioner contests the veracity of some factual details related to his case,

the Court has already made findings of fact and credibility determinations that will not be

disturbed based on Petitioner's unsupported assertions.  Because Petitioner has not met the

burden of demonstrating grounds which would support reconsidering the Court's prior order

denying his Section 2255 motion, the Court will deny his motion for reconsideration.

   **ACCORDINGLY**, on this 22nd day of April 2013, **IT IS HEREBY ORDERED**

**THAT** Petitioner's Rule 59(e) motion (Doc. No. 86) is **DENIED**.

   The above-captioned action shall remain closed.

S/ Yvette Kane   
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
